IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 25 2006

GREGORY C. LANGHAM
                    CLERK

Civil Action No. 06-cv-00643-BNB

MELINDA MARTINEZ, # 80635,

    Plaintiff,

v.

DENVER COUNTY JAIL MEDICAL DEPARTMENT,

    Defendant.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff Melinda Martinez is incarcerated at the Colorado Department of Corrections and currently is held at the Denver Women's Correctional Facility. On March 29, 2006, she initiated the instant *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343. She asks for money damages and medical treatment.

The Court must construe the Complaint liberally, because Ms. Martinez is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Ms. Martinez will be ordered to file an Amended Complaint.

Ms. Martinez asserts that during her stay at the Denver County Jail she was not treated for her diabetic condition from November 28, 2005, until January 19, 2006, when she was moved to the DOC.

Ms. Martinez may not sue Defendant Denver County Jail Medical Department. The Medical Department is not a separate entity from the City and County of Denver and, thus, is not a person under 42 U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). The claim asserted against the Medical Department must be considered as asserted against the City and County of Denver.

Nonetheless, municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Ms. Martinez cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

Ms. Martinez also fails to allege what, if any, constitutional rights she believes were violated. In the Amended Complaint, Plaintiff is instructed to allege, simply and concisely, her specific claims for relief, including the specific rights that allegedly have been violated.

In addition, Ms. Martinez must assert clearly each Defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, a plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*,

2

473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Furthermore, pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The claims Plaintiff raises in this action relate to acts that took place while she was detained at the Denver County Jail. Therefore, Plaintiff must have exhausted all the available administrative remedies. Furthermore, § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 335 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Plaintiff must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211.

Plaintiff has failed to meet the *Steele* requirement. In response to Question Two, under Section F., "Administrative Relief," of the Prisoner Complaint form, Plaintiff states that there is a formal grievance procedure at the Denver County Jail, but she did

not exhaust available administrative remedies. Therefore, Plaintiff will be directed to state with specificity in the Amended Complaint why she did not exhaust the available administrative remedies. Accordingly, it is

ORDERED that Ms. Martinez file an Amended Complaint **within thirty days from the date of this Order** that complies with the Order. It is

FURTHER ORDERED that the Amended Complaint shall be titled "Amended Prisoner Complaint" and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the Clerk of the Court mail to Ms. Martinez, together with a copy of this Order, two copies of the Prisoner Complaint form. It is

FURTHER ORDERED that Ms. Martinez submit an original and sufficient copies of the Amended Complaint to serve each named Defendant. It is

FURTHER ORDERED that if Ms. Martinez fails to file an Amended Complaint to the Court's satisfaction, **within thirty days from the date of this Order**, the Complaint shall be denied and the action shall be dismissed without further notice.

DATED May 25, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00643-BNB

Melinda Martinez
Reg. No. 80635
DWCF
P.O. Box 392005
Denver, CO 80239

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on __5-25-06__

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk